THOMAS BRYANT *et al.* plaintiffs in error, *v.* GILES C. DANA, defendant in error.

## *Error to Peoria.*

Where a sheriff returns an execution without having made a levy, his authority is at an end. But if he has made a levy during the life time of the execution, he has the right to sell the property, or receive payment of the judgment afterwards, notwithstanding he has in the mean time returned the process.

An equitable assignee of a judgment has the right to sue a sheriff in the name of him who has the legal interest therein to enforce a liability incurred by such sheriff.

The Circuit Court may, in their discretion, allow or refuse an application for leave to file additional pleas, and the exercise of that discretion cannot be assigned for error.

A levy by a sheriff, or a payment of money to him, may be shown by parol testimony.

THIS was the case of an application made in the Peoria Circuit Court, by the defendant in error, under the statute, for an assessment of damages in his favor against the plain-

tiff in error, Bryant, the former sheriff of Peoria county, and his securities, for official neglect, &c. The substance of this application and the various proceedings thereon will appear in the Opinion of the Court. The jury assessed the damages at $576·74, when the defendants moved for a new trial, which motion was overruled, and judgment rendered as stated in the Opinion.

*C. Ballance,* for the plaintiffs in error, relied on the following points and authorities:

1. If either of defendants' pleas was bad, the demurrer thereto ought to have reached the declaration, or complaint which occupies the place of a declaration. It is entitled, and the suit is carried on in the name of Dana, whereas, by plaintiff's own showing, it is only an additional proceeding in the case of the *People* v. *Bryant.* The second plea denies the reception of the money on the execution by Bryant, in his capacity of sheriff. This will be important on motion for a new trial.

2. Although, in general, the defendant cannot as a matter of right file additional pleas after the issues have been made, this case is an exception, and after plaintiff had been permitted to file a new replication, the defendants ought to have been permitted to file a new plea.

3. The fourth plea ought to have been sustained. This case is distinguishable from *Dana* v. *Phillips,* 3 Scam. 552. There, the proceedings show that the sheriff had the execution, and received the money on it. Here, it is alleged that the clerk would not let him have it.

4. If the sixth plea is true, ought not plaintiff to have replied, showing his right, notwithstanding, to receive and receipt for the money?

A new trial ought to have been granted, because there was no legal evidence to sustain either the issue on the second or fifth plea. The declaration, or that which occupies the place of a declaration, states the existence of the facts, "as by said writs of *fieri facias* and the returns and indorsements thereon, on file in said Court, will more fully appear."

Then these documents alone should have been resorted to to prove the facts. The return, on plaintiff's motion, had been quashed, and was no evidence of the existence of any fact at the time of the trial. In the case above referred to, the Court decide: "It is the duty of the officer, when once he has made the levy, no matter what becomes of the execution, to go on with the sale," &c. But here there was no legal evidence of the levy. That which once had been a levy had ceased to exist, and that by the act of the plaintiff.

Oral proof cannot be substituted for any instrument which the law requires to be in writing. 1 Greenl. Ev. 102.

Certificate of clerk, being sworn, cannot be supplied by parol. *Commonwealth* v. *Sherman*, 5 Pick. 239; see, also, 4 do. 66; *Tripp* v. *Garey*, 7 do. 266; *Gifford* v. *Woodgate*, 11 East, 297; 2 Duer's Pr. 295.

*H. O. Merriman*, on the same side, in continuation.

1. The whole record relating to the subject matter should be produced, so that the Court can see if the same is not set aside. 7 Com. Dig. 427; 1 Phillips' Ev. 219; *Creswell* v. *Byrne*, 9 Johns. 287.

2. If set aside, it is a nullity, and does not support the allegation in the declaration, and the plaintiff below has no rights under it. 2 Duer's Pr. 295; 3 Johns. 523; 15 East, 614, note *c;* 3 Wilson, 345; 2 do. 385; 1 Strange, 509.

The plaintiff below seeks to recover on the force of the levy only; otherwise the plaintiff had no right to receive the money. *Phillips* v. *Dana*, 3 Scam. 537.

The return of the levy, &c. having been quashed, it is the same as if it had never been made. 2 Bac. Abr. 740, supported by 1 Strange, 509; 3 Johns. 323, and 15 East, 614.

*E. N. Powell*, for the defendant in error.

It is sufficient if the substance of the issue be proved. 1 Greenl. Ev. § 56.

Where the record mentioned in the pleadings is mere inducement, and not the gist of the action, then a variance

between the allegation and the proof is immaterial. Ibid. §§ 51, 70.

Secondary evidence, when allowed. Ib. § 90.

Mere matter of evidence need not be stated in pleading. 1 Chitty's Pl. 258.

When a profert, or an excuse for the omission was unnecessary, the statement of it will be considered as surplusage. 1 Chitty's Pl. 399.   And if made, Ib.; Stephen's Pl. 437–8–9.

Now, if the return of the levy was quashed, it no longer was in existence, and parol evidence was properly received. 1 Greenl. Ev. 102, § 86.

The Opinion of the Court was delivered by

Treat, J.   Giles C. Dana filed an application in the Peoria Circuit Court, alleging, in substance, that at the October term 1839 of said Court, the People of the State of Illinois, for the use of Peoria county, recovered a judgment against Thomas Bryant, Charles Ballance, Augustus O. Garrett, John C. Caldwell, and Luther Sears, upon the official bond of said Bryant as sheriff of Peoria county, for the sum of $10,000 debt, the penalty of the bond, and $470·30 damages, by reason of certain breaches thereof, as by reference to the record of said judgment will more fully appear; that he has sustained damages to the amount of $700, by reason of the neglect of the said Bryant to perform the duties of the office of sheriff, and prays for a writ of inquiry on said judgment to assess the same; and he suggests, as a particular breach of the said bond, that on the 23d of May, 1838, he recovered a judgment in said Court against Thomas Phillips for $373·60 damages, and $20·82 costs; that, on the 18th of March, 1839, an execution was issued thereon and delivered to said Bryant, as sheriff, to be executed, and that said Bryant, on the 16th of June, 1839, received in part satisfaction thereof the sum of $5, and, on the 18th of the same month, returned the execution with an indorsement of such payment; that, on the 18th of September, 1839,

an *alias* execution was issued on the judgment and deliver-
ed to said Bryant, as sheriff, to be executed, and that, on the
17th of December, 1839, he levied the same on certain lands,
and on the following day received from said Phillips the
whole amount of the execution, interest and costs, as by said
executions and the returns and indorsements thereon will
fully appear. The defendants in the judgment appeared and
pleaded six pleas. The *first* denies that an execution was
issued on the judgment against Phillips on the 18th of March,
1839, directed to the sheriff of Peoria county to be executed.
The *second* denies that Bryant, as sheriff, received, on the
18th of December, 1839, the amount of the *alias* execution.
The *third* alleges that the money was paid to Bryant after
the expiration of ninety days from the issuance of the execu-
tion, and after the execution had been returned to the clerk's
office and filed among the records thereof. The *fourth* al-
leges, that on the 18th of December, 1839, the execution
had been returned to the clerk's office and filed among the
records of the Court, and that the clerk refused to let Bry-
ant have it to receive the money on. The *fifth* alleges that
the money was received by Bryant without legal authority,
and was not received by him as sheriff. The *sixth* alleges
that Dana had no interest in the subject matter of the suit,
and that it was commenced without his knowledge or con-
sent. The *first, second* and *fifth* pleas concluded to the
country, and issues were joined thereon. The Court sus-
tained demurrer to the *third, fourth* and *sixth* pleas. At a
subsequent term, the defendants asked leave to file addi-
tional pleas, which the Court denied.

On the trial before a jury, the plaintiff, after introducing
the judgment and executions against Phillips, offered in evi-
dence the sheriff's indorsements on the *alias* execution,
which showed a levy on land on the 17th of December, 1839,
and a payment of the amount of the judgment, interest
and costs on the following day; to the reading of which in-
dorsements the defendants objected, and produced an order
of the Peoria Circuit Court, entered at a previous term,
showing that the sheriff's return on the *alias* execution was

quashed at the instance of the plaintiff; and the Court there-upon sustained the objection. The plaintiff then proved by the deputy of Bryant, that the levy was made as stated in the plaintiff's motion; and by other witnesses that the money was paid as stated in the motion, but not until the day after the execution was returned to the clerk and filed in his office. The defendants objected to the introduction of this testimony.

The jury found the issues for the plaintiff, and assessed his damages at $576·74. The Court overruled a motion for a new trial, and a judgment was entered that the plaintiff recover of the defendants the amount of the verdict and costs, and that execution issue therefor on the original judg-ment against them. They prosecute a writ of error. The several decisions of the Circuit Court, sustaining the demur-rers to the pleas, refusing the motion to file additional pleas, admitting the evidence respecting the levy of the execution and the payment of the money to the sheriff, and denying the motion for a new trial, are assigned for error, and will be considered in their order.

The third and fourth pleas are intended to present the same defence and may be disposed of together. These pleas are framed on the erroneous supposition that a sheriff has no authority to receive money in satisfaction of a judgment, after he has returned the execution to the office from whence it issued. This position may be true of some cases, but is not of all. Where the sheriff returns an execution without having made a levy, his authority is at an end; but if he has made a levy during the lifetime of the execution, he has the right to sell the property or receive payment of the judg-ment afterwards, notwithstanding he has in the meantime returned the process. These pleas are defective in not negativing the fact that a levy may have been made by the sheriff during the vitality of the execution. The precise defence sought to be interposed by these pleas was before this Court in a case between the parties to the execution, and it was determined that the payment to the sheriff after the return of the execution, was a good satisfaction of the judgment. It is useless now to discuss the question. *Phil-*

*lips* v. *Dana*, 3 Scam. 551. The sixth plea is clearly bad. It is a matter of no importance whether the plaintiff had any substantial interest in the subject matter of this proceeding, or whether it was commenced with his knowledge, or by his consent. It is sufficient if he had the legal interest. Of this the record affords conclusive proof. He was the plaintiff in the judgment against Phillips, and the cause of action against the sheriff must be prosecuted in his name. If he has parted with the beneficial interest, the equitable assignee has the undoubted right to sue in his name to enforce the liability. The cases of *McHenry* v. *Ridgeley*, 2 Scam. 309, and *Chadsey* v. *Lewis*, 1 Gilm. 153, are expressly in point.

It was insisted on the argument that the plaintiff's motion was insufficient, and therefore, that the demurrers should have been carried back and sustained to it. In the opinion of the Court, the motion shows on its face a proper case for an assessment of damages on the original judgment against the sheriff and his securities.

The refusal of the Court to permit additional pleas to be filed cannot be assigned for error. The Circuit Courts may, in their discretion, allow or refuse such applications. The exercise of that discretion cannot be reviewed here.

The decision of the Court admitting the parol testimony was not erroneous. So far as this case is concerned, the only effect of the quashing of the sheriff's return was to prevent the plaintiff from proving the levy and receipt of the money by the sheriff, by his indorsements on the execution. It left the matter in the same condition as if no such indorsements had been made. The plaintiff in his suggestion of breaches alleged that these facts appeared by the return, and perhaps he might have been compelled to establish them in that way, if the defendants had put the allegation in issue. This they did not do. The first plea only relates to the first execution. The second and fifth pleas only put in issue the receipt of the money by Bryant as sheriff, thus leaving the plaintiff to prove the payment by any legitimate testimony. A levy by a sheriff, or a payment of money to him, may be

shown by parol evidence. Suppose a sheriff should receive full payment of an execution, and should fail to make an indorsement thereof on the process, would the plaintiff in seeking to charge that officer with the receipt of it, or the defendant in attempting to set it up as a satisfaction of the judgment, be precluded from showing it by parol. The proposition is too plain to need elucidation. Or, suppose the sheriff had made a levy on land and had sold and conveyed the same, would the title of the purchaser be defeated because the officer had omitted to make an indorsement on the execution of the levy and sale? The law is equally clear that it would not.

The last error is not otherwise relied on than for the purpose of presenting the questions already disposed of. The whole of the evidence is not reported. The proceeding was properly commenced and carried on in the name of Dana as the plaintiff. The final order, that the payment of his damages should be enforced by issuing execution on the original judgment, was correct.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*